**UNITED STATES of America— EX RELATOR'S—Mr. George BOOKER, et. al., Plaintiff,**

v.

**900,000 "ELECTORS" OF PENNSYLVANIA, Defendants.**

**No. Civ.A. 02–4552.**

United States District Court, E.D. Pennsylvania.

July 18, 2002.

---

Anthony M. DiGiamcomo, Philadelphia, PA, for plaintiff.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion to Proceed *In Forma Pauperis* of Plaintiff Anthony M. DiGiamocomo ("Plaintiff" or "DiGiamocomo"). For the reasons that follow, the Court will grant Plaintiff's Motion to Proceed *In Forma Pauperis,* but will dismiss his complaint as legally frivolous without prejudice.

### A. *In Forma Pauperis*

Plaintiff seeks to proceed *in forma pauperis* in this action. It appears to the Court that Plaintiff cannot afford to pay the filing fees to initiate this action, thus, the Court grants Plaintiff leave to proceed *in forma pauperis. See* 28 U.S.C. § 1915. However, the Court directs that the complaint be dismissed prior to service.

This Court has the power to *sua sponte* dismiss this case "at any time if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). An action is frivolous if it "lacks an arguable basis in either fact or law." *See Green v. Seymour,* 59 F.3d 1073, 1077 (10th Cir.1995) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989)). Moreover, "[d]ismissal under § 1915(e) is appropriate both when the action is 'based on an indisputably meritless legal theory' and when it posits 'factual contentions [that] are clearly baseless.'" *Rankine v. Server,* No. CIV.A. 01–0653, 2001 WL 322517, *1 (E.D.Pa. Feb.13, 2001) (quoting *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827).

### B. *Plaintiff's Complaint*

 Plaintiff's complaint names as defendants 900,000 "Electors" of Pennsylvania. The complaint purports to set forth a claim for a violation of Plaintiff's civil rights. In the complaint, Plaintiff cites to and quotes from various statutes and court cases.

However, after reviewing the information provided by Plaintiff, the Court cannot discern the way in which Plaintiff claims his rights have been violated. For example, it is unclear to the Court the identity of the other Plaintiffs on whose behalf DiGiamcomo purports to bring this action. Further, the identity of the Defendants is unclear to the Court. Also, it is unclear what underlying actions caused Plaintiff to assert a violation of his rights. Because the Court cannot determine what Plaintiff is claiming from either the complaint or any of the other attachments, the complaint will be dismissed as legally frivolous without prejudice pursuant to 28 U.S.C. § 1915(e). *See also* Federal Rule of Civil Procedure 8(a)(2) (providing that a pleading setting forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff is granted leave to file an amended complaint within forty-five (45) days of the date of this Memorandum and Order. If Plaintiff intends to pursue this claim, he must file an amended complaint in which he states as clearly and briefly as possible: (1) the jurisdictional basis of his claim; (2) the identity of the parties, including both the plaintiffs and defendants; (3) the facts to demonstrate how his constitutional rights were violated and by whom; and (4) the relief he is seeking through this action. Plaintiff is reminded that he should plead specific numbered fact paragraphs in his amended complaint.

### C. *Conclusion*

An appropriate Order follows.